

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-28-2008

# Liggon-Redding v. Amer Securities Ins

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2658

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Liggon-Redding v. Amer Securities Ins" (2008). *2008 Decisions.* Paper 319.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/319

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-83                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2658
_____

ELIZABETH LIGGON-REDDING,

Appellant

v.

AMERICAN SECURITIES INS;
NATIONAL CITY MORTGAGE

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 07-cv-00935)
District Judge:  Honorable Edwin M. Kosik

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 13, 2007

Before: MCKEE, RENDELL and SMITH, Circuit Judges

(Opinion filed: October 28, 2008)
_____

OPINION
_____

PER CURIAM

Elizabeth Liggon-Redding appeals from the order of the United States District

Court for the Middle District of Pennsylvania dismissing her complaint pursuant to 28

U.S.C. § 1915(e)(2)(B)(i) & (ii).  For the reasons that follow, we will summarily vacate and remand.

Since January 2006, Liggon-Redding has filed three separate complaints against Appellees.  The District Court dismissed her first complaint for lack of subject matter jurisdiction.  (M.D. Pa. 06-cv-00227).  Liggon-Redding appealed and that appeal is currently pending before this Court.  (C.A. No. 06-1764).  On May 9, 2007, Liggon-Redding filed a second complaint against Appellees, citing 18 U.S.C. §§ 1961-68, the Racketeer Influenced and Corrupt Organizations Act of 1984 ("RICO"), as the basis for her complaint.  (M.D. Pa. 07-cv-00847).  Without giving Liggon-Redding an opportunity to amend, the District Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Liggon-Redding did not appeal.  On May 23, 2007, Liggon-Redding filed a third complaint, which again alleged RICO violations.  The District Court sua sponte dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) without giving Liggon-Redding an opportunity to amend.  Liggon-Redding appeals and has filed a motion for the appointment of counsel.

We have held that when a complaint is dismissed for failure to state a claim upon which relief may be granted, a plaintiff should be granted the opportunity to amend her complaint unless amendment would be inequitable or futile.  Grayson v. Mayview State Hosp., 293 F.3d 103, 116 (3d Cir. 2002).  Here, the District Court dismissed Liggon-

2

Redding's complaint because it failed to allege prior related predicate acts, an element necessary to plead a RICO civil action. See Lum v. Bank of Am. 361 F.3d 217, 233 (3d Cir. 2004). Although the District Court also dismissed the complaint as frivolous, we cannot conclude, at this early stage, that any amendment to Liggon-Redding's complaint would be futile. Accordingly, the District Court should have granted Liggon-Redding an opportunity to amend her complaint.

Because this appeal presents no substantial question, we will summarily vacate the District Court's order and remand for further proceedings. See Third Circuit LAR 27.4 and I.O.P. 10.6. Liggon-Redding's motion for the appointment of counsel is denied.